Filed 8/26/21  P. v. Castro CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076665 |
| v. | (Super.Ct.No. CR57414) |
| ROBERT RICHARD CASTRO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Robert Richard Castro appeals the Riverside County Superior Court's summary denial of his petition for resentencing made pursuant to section 1170.95 of the Penal Code.[1]  We affirm.

## BACKGROUND

In 1994, defendant was found guilty of four counts of attempted murder with firearm enhancements (§§ 664, 187, & former § 12022) and one count of conspiracy to commit murder (§§ 182, 187).  The trial court struck the enhancements and sentenced defendant to indeterminate consecutive life sentences on each of the four attempted murder convictions and, as to the conspiracy count, 25 years to life to run consecutive to the sentences imposed on the attempted murder counts.

On January 1, 2019, Senate Bill No. 1437 became effective.  (Stats. 2018, ch. 1015.)  That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony murder rule and the natural and probable consequences doctrine as it relates to murder.  (Stats. 2018, ch. 1015, §§ 2, 3.)  The bill did not mention laws concerning attempted murder.

In February 2021, defendant filed a petition pursuant to section 1170.95 seeking resentencing under the new laws.  Upon receipt of the petition, the trial court clerk set the matter for a status conference.

Defendant was not present but was represented by counsel on February 26, 2021, when the sentencing court summarily denied the petition.  Defendant appealed.

---

[1]  All further statutory references are to the Penal Code.

2

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth statements of the case and facts. Counsel suggests four potentially arguable issues: (i) whether the procedural protections afforded defendants in *Wende/Anders* apply to an appeal of a denial of a section 1170.95 petition if appointed appellate counsel has filed a brief that does not raise any arguments; (ii) whether this court should conduct an independent review of the record if the *Wende/Anders* protections do not apply in this case; (iii) what procedures should appointed appellate counsel and this court follow when appointed appellate counsel files a no-issues brief in an appeal from a denial of postconviction relief; and (iv) whether Senate Bill No. 1437 applies to attempted murder liability.

Counsel states this court is required to undertake a review of the entire record. When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court must offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, (*Cole*) review granted October 14, 2020, S264278, held the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment. We also recognize that we

3

have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a no-issues brief. Accordingly, appellate courts have traditionally afforded defendants an opportunity to personally file a supplemental brief when appointed counsel has submitted a no-issues brief in a postjudgment appeal. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review granted Mar. 17, 2021, S266853.)

Appellate courts are divided, however, with respect to whether we should exercise our discretion to conduct an independent review of the record if a defendant does not respond to an invitation to file a supplemental brief. (E.g., *Cole*, *supra*, 52 Cal.App.5th at pp. 1038-1039 [Second Dist., Div. Two, no independent review of record when no supplemental brief filed, dismissed the appeal as abandoned]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274 [Fourth Dist., Div. Three conducted independent review of record even though defendant did not file a supplemental brief].)

Recent opinions issued by this court reflect the division in approach to the situation in which defendant does not file a supplemental brief. In *Scott*, one panel concluded there is no reason to conduct an independent review of the record or to issue an opinion in such a case and dismissed the appeal as abandoned. (*Scott*, *supra*, 58 Cal.App.5th at pp. 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.)

4

In *People v. Gallo* (2020) 57 Cal.App.5th 594 (*Gallo*), another panel of this court concluded the interests of justice call for independent review of the record in postjudgment no-issue appeals even if the defendant has not filed a supplemental brief. (*Id.* at p. 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, reviewing court is not required to independently review the entire record, but the court can and should do so in the interests of justice]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [court of appeal has the discretion to review the record in the interests of justice].)

We respectfully disagree with *Scott* and find the procedure in *Gallo* provides indigent defendants an additional layer of due process while consuming comparatively little in judicial resources.

Here, we offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, and in keeping with *Gallo*, *supra*, 57 Cal.App.5th 594, we have independently reviewed the record for potential error and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

McKINSTER _____
J.

FIELDS _____
J.